**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


<u>United States of America</u>

     v.                                            Case No. 08-cr-039-03-PB

<u>Francisco Alfaro</u>


## O R D E R

The defendant, Francisco Alfaro, moved for a sentence
reduction based upon the cocaine base ("crack cocaine") amendment
to the Federal Sentencing Guidelines implementing the Fair
Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372
(2010) ("2010 Fair Sentencing Act") (document no. 124).  That
amendment was given retroactive effect on November 1, 2011.  For
the reasons stated below, the defendant's motion to reduce
sentence is DENIED.

The 2010 Fair Sentencing Act, by omission, prohibits persons
who received a career offender guideline sentence from receiving
a sentence reduction based upon the retroactive application of
the cocaine base amendment.  Specifically, the United States
Sentencing Commission amended § 1B1.1, (Application Instructions)
and adopted a three-step approach to determine the sentence to be
imposed.  Under § 1B1.1, the court first determines the guideline

range and then considers any departures or variances.  Consistent
with that approach, the proposed guideline at §1B1.10, comment
(n.1[A]) was also amended to reflect that "eligibility for
consideration under 18 U.S.C. § 3582(c)(2) is triggered only by
an amendment listed in subsection (c) that lowers the applicable
guideline range (i.e., the guideline range that corresponds to
the offense level and criminal history category determined
pursuant to § 1B1.1(a), which is determined before consideration
of any departure provision in the Guidelines Manual or any
variances.)."  The only exception to reducing the defendant's
term of imprisonment to a term that is less than the minimum of
the amended guideline range would be a sentence which resulted
from a downward departure pursuant to a government motion for
substantial assistance, which has no application here.

    In this case, the defendant was deemed to be a career
offender.  Thus, while the application of the cocaine base
amendment would result in a reduction of his base offense level
from 24 to 22, his total offense level would not change because
he is a career offender.  As a result, because the career
offender guideline was not lowered by the 2010 Fair Sentencing
Act cocaine base amendment, he is not eligible for a reduction of
his sentence.  The fact that the court originally accepted a
binding stipulation as to the drug weight attributable to the

defendant, and granted a joint motion for a variant sentence of 120 months (when the advisory guideline range was 188 to 235 months), does not alter this conclusion.  Therefore, the defendant's motion to for a sentence reduction (document no. 124) is DENIED.

**SO ORDERED.**

Date: December 14 , 2011        /s/ Paul J. Barbadoro
                                _____
                                Paul J. Barbadoro
                                United States District Judge


cc:  Francisco Alfaro, pro se
     Counsel of Record

3